# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMOS VANDERHOFF,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF NANTICOKE and POLICE CHIEF THOMAS WALL, in his Individual and Official capacity,<br><br>    Defendants. | NO. 3:18-CV-01071<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before me is the Motion to Dismiss (Doc. 5) filed by Defendants the City of Nanticoke (the "City") and Police Chief Thomas Wall ("Wall") (collectively, where appropriate, "Defendants"). Plaintiff Amos Vanderhoff ("Vanderhoff" or "Plaintiff"), a City police officer, alleges Defendants imposed a prior restraint on his speech and interfered with his right to intimate association in violation of the United States Constitution. Defendants have moved to dismiss both claims. Because the Amended Complaint fails to state a claim upon which relief can be granted, the motion to dismiss will be granted, but Vanderhoff will be granted leave to file a further amended complaint.

## I. Background

The facts as alleged in the Amended Complaint are as follows:

Vanderhoff is employed by the City as a police officer. (*See* Doc. 3, ¶ 1). Wall is the City's Police Chief. (*See id.* at ¶ 3).

On or about May 21, 2018, Vanderhoff was told by Wall "that he is not allowed to talk about Defendant Wall to the public and that his family has to do the same as well, including but not limited to his cousin, who owes [sic] a beauty shop in the City of Nanticoke." (*Id.* at ¶ 10). Vanderhoff "has been issued a written warning and threatened with discipline if he and his family does [sic] not stop talking about

Defendant Wall." (*Id*. at ¶ 14). Additionally, Wall "specifically made mention of Plaintiff's cousin, who owes [sic] a beauty shop and if she does not stop talking about Defendant Wall[,] Plaintiff will be disciplined further." (*Id*. at ¶ 16).

Based on the foregoing, Vanderhoff commenced this action on May 22, 2018 against the City and Wall. (*See* Doc. 1, *generally*). Vanderhoff filed the Amended Complaint the next day. (*See* Doc. 3, *generally*). Therein, Plaintiff asserts claims for "prior restraint of speech" (Count I) and "retaliation for intimate association" (Count II). (*See id*.).

Defendants filed a motion to dismiss the Amended Complaint on June 11, 2018. (*See* Doc. 5, *generally*). That motion has now been fully briefed and is ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted).

2

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

In Count I of the Amended Complaint, Vanderhoff contends that Defendants violated his First Amendment rights by imposing a prior restraint on his speech. Count II of the Amended Complaint alleges Defendants interfered with Vanderhoff's right to intimately associate with his cousin. Defendants seek dismissal of both claims.

**A.     Prior Restraint.**

The First Amendment to the United States Constitution provides in relevant part that "Congress shall make no law. . . abridging the freedom of speech." U.S. Const. amend. I. According to Vanderhoff, Defendants impermissibly placed a prior restraint on his speech in violation of the First Amendment when Wall informed Vanderhoff that he and his family are not to speak about him. (*See* Doc. 3, ¶¶ 10, 14).

"Whereas First Amendment retaliation punishes speech that has already occurred, prior restraint of speech seeks to prevent speech from being expressed to begin with." *O'Donnell v. Knott*, 283 F. Supp. 3d 286, 304 (E.D. Pa. 2017) (citing *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1209 (10th Cir. 2007) ("[U]nlike an adverse action taken in response to actual speech, [a prior restraint] chills potential speech before it happens.")). A public employee, is protected by the First Amendment only

> (1) if he spoke "as a citizen (and not as an employee)," (2) if his speech involved "a matter of public concern," and (3) if his employer lacked an "adequate justification" for treating him differently from the general public, based on a balancing of his and his employer's interests under *Pickering v. Board of Education*, 391 U.S. 563, 88 S. Ct. 1731, 20 L. Ed. 2d 811 (1968).

*De Ritis v. McGarrigle*, 861 F.3d 444, 452 (3d Cir. 2017) (citing *Munroe v. Central*

3

*Bucks Sch. Dist.*, 805 F.3d 454, 466 (3d Cir. 2015)). This is so even where a public employee plaintiff's claim, like that advanced here, is based on a prior restraint of speech. *See, e.g., Moonin v. Tice*, 868 F.3d 853, 861 (9th Cir. 2017) ("In assessing a prior restraint, we focus on the text of the policy to determine the extent to which it implicates public employees' speech as citizens speaking on matters of public concern."); *Whitney v. City of Milan*, 677 F.3d 292, 296 (6th Cir. 2012) (Where a public employee plaintiff "raise[s] a First Amendment prior-restraint claim, [the Court must] apply the two-part *Pickering* analysis to determine whether [the mayor's] order was an unconstitutional prior restraint of a public employee's speech."); *Samuelson v. LaPorte Cmty. Sch. Corp.*, 526 F.3d 1046, 1051-52 (7th Cir. 2008); *Farhat v. Jopke*, 370 F.3d 580, 598 (6th Cir. 2004).

Vanderhoff's prior restraint claim will be dismissed. For one, the claim is properly dismissed pursuant to Rule 8 because the Amended Complaint is so vague it fails to "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary' Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted). The sole allegation in the Amended Complaint supporting this claim is that Vanderhoff was told that he and his family were "not allowed to talk about" Wall. (Doc. 3, ¶ 10). From this averment alone it cannot be determined that Vanderhoff spoke or sought to speak about Wall as a citizen on a matter of public concern. Further, although Vanderhoff cites additional facts in his brief and has attached an exhibit thereto to bolster his prior restraint claim, that information is not included in the Amended Complaint, so it cannot be considered in evaluating the sufficiency of this claim. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted) (it is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Gordon v. Katri Sales Co.*, No. 17-320, 2018 WL 1123704, at *3 (M.D. Pa.

Mar. 1, 2018).[1] For these reasons, Count I of the Amended Complaint will be dismissed.

**B.    Intimate Association.**

Count II of the Amended Complaint asserts that Defendants deprived Vanderhoff of his constitutional right to intimately associate with his cousin.[2] The Constitution protects the right to "intimate association (i.e., certain close and intimate human relationships like family relationships) . . . ." *Pi Lambda Phi Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 438 (3d Cir. 2000) (citing *Roberts v. United States Jaycees*, 468 U.S. 609, 617-18, 104 S. Ct. 3244, 82 L. Ed. 2d 462 (1984)).

> The constitutional right to intimate association attaches only to "certain kinds of highly personal relationships" and affords these relationships "a substantial measure of sanctuary from unjustified interference by the State." *Roberts v. United States Jaycees*, 468 U.S. 609, 618, 104 S. Ct. 3244, 82 L. Ed.2d 462 (1984). The relationships that receive this protection "presuppose deep attachments and commitment to the necessarily few other individuals with whom one shares not only a special community of thought, experiences, and beliefs, but also distinctively personal aspects of one's life." *Board of Directors of Rotary Intern. v. Rotary Club of Duarte*, 481 U.S. 537, 545, 107 S. Ct. 1940, 95 L. Ed. 2d 474 (1987) (internal citation omitted).

*Martsolf*, 552 F. App'x at 152. A "protected" relationship is "distinguished by such attributes as relative smallness, a high degree of selectivity in decisions to begin and maintain the affiliation, and seclusion from others in critical aspects of the relationship." *Pi Lambda Phi*, 229 F.3d at 441. Protected relationships include "those

---

[1] This is not to say that the inclusion of such information in the Amended Complaint would have been sufficient to state a prior restraint claim. I express no opinion on that issue.

[2] "The Supreme Court's decisions do not clearly indicate whether the right to marital or intimate association is rooted in the First Amendment, the Fourteenth Amendment, or both." *Kost v. Baldwin*, No. 16-2008, 2017 WL 4362720, at *4 n.3 (M.D. Pa. Sept. 29, 2017); *see also Martsolf v. Christie*, 552 F. App'x 149, 152 n.3 (3d Cir. 2013) (taking no position on where the right to intimate association stems from).

5

that attend the creation and sustenance of a family-marriage, . . . the raising and education of children, . . . and cohabitation with one's relatives." *Roberts*, 468 U.S. at 619, 104 S. Ct. 3244. To make out such a claim, a plaintiff must allege "that the challenged action 'directly and substantially interfered with' the intimate relationship." *Kost*, 2017 WL 4362720, at *5 (quoting *Freebery v. Coons*, 589 F. Supp. 2d 409, 421 (D. Del. 2008), *aff'd*, 355 F. App'x 645 (3d Cir. 2009)).

The intimate association claim will be dismissed for two reasons. First, the Amended Complaint is devoid of any facts regarding the nature or extent of Vanderhoff's relationship with his cousin. (*See* Doc. 3, *generally*). Rather, he takes the position that "[c]learly[ ] his association with his cousin is the type of relationship that is protected by an intimate association claim." (Doc. 9, 6). But Vanderhoff cites no authority to support that statement, (*see id*.), and I am not aware of any. *Cf. Mcalister v. Trujillo*, No. 10-728, 2011 WL 13289653, at *4 n.2 (D.N.M. Aug. 10, 2011) ("the court stopped far short of finding that the relationship between non-cohabitating adult cousins was protected"); *Frederick v. Brown*, No. 113-176, 2015 WL 4756765, at *25 n.21 (S.D. Ga. Aug. 10, 2015); *accord Teare v. Indep. Sch. Dist. Bd. of Educ.*, No. 10-1711, 2011 WL 4633105, at *5 (N.D. Ohio Aug. 18, 2011) (no clearly established right of familial association with uncle), *adopted by*, 2011 WL 4633095 (N.D. Ohio Sept. 30, 2011); *Rees v. Office of Children & Youth*, 744 F. Supp. 2d 434, 452 (W.D. Pa. 2010) (a non-custodial, non-cohabitating, non-i*n-loco-parentis* grandmother lacked a constitutionally protected interest in associating with her granddaughters). Because a constitutionally-protected intimate association does not exist as a matter of law between cousins and there are no facts pled in the Amended Complaint to support finding an intimate association in the matter *sub judice*, Vanderhoff fails to state a claim upon which relief can be granted.

Vanderhoff also fails to state an intimate association claim because absent from the Amended Complaint is any factual matter as to how being directed not to "talk about" Wall interferes with his relationship with his cousin. For this reason as well,

6

the claim is subject to dismissal.

**C.     Leave to Amend.**

Third Circuit "precedent supports the notion that in civil rights cases district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Amendment is futile "if the amended complaint would not survive a motion to dismiss." *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014).

Vandherhoff will be granted leave to amend because if he files a further amended complaint, it is possible that his pleading could withstand a 12(b)(6) motion. Thus, it is not clear that amendment would be futile. Accordingly, Vanderhoff will be given twenty-one (21) days to file a further amended complaint.

## IV. Conclusion

For the above stated reasons, the motion to dismiss will be granted. Vanderhoff will be given twenty-one (21) to file a further amended complaint to sufficiently allege his claims. Failure to file in this time will result in the dismissal of the action with prejudice.

An appropriate order follows.

July 20, 2018                                                           /s/ A. Richard Caputo
Date                                                                         A. Richard Caputo
                                                                              United States District Judge